United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY STESHENKO,

Plaintiff,

v.

BOARD OF TRUSTEES OF FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, et al.,

Defendants.

Case No. 24-cv-06126-SVK

**ORDER ON (1) DEFENDANTS' MOTION TO DISMISS; (2) DEFENDANTS' MOTION FOR SANCTIONS; AND (3) PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**

Re: Dkt. Nos. 16, 17, 20

In the fall quarter of 2016, Plaintiff Gregory Steshenko, proceeding here *pro se*, enrolled in a Medical Laboratory Technology ("MLT") program offered by the Foothill-De Anza Community College District ("District"). *See generally* Dkt. 1 (complaint). This case against the District, its Board of Trustees ("Board"), the individual trustees, and one employee of the District is the latest in a series of cases filed by Plaintiff arising from his unsuccessful attempts to complete the MLT program. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 11, 13.

Before the Court are Defendants' motion to dismiss and motion for sanctions. Dkt. Nos. 16, 17. These matters are suitable for determination without a hearing. Civ. L.R. 7-1(b). For the reasons that follow, Defendants' motion to dismiss is **GRANTED-IN-PART AND DENIED-IN-PART** and Defendants' motion for sanctions is **DENIED WITHOUT PREJUDICE.** Plaintiff's motion to file a supplemental brief in opposition to the motion to dismiss and motion for sanctions (Dkt. 20) is **DENIED.**

////

////

////

United States District Court
Northern District of California

# I. BACKGROUND[1]

## A. The Parties

### 1. Plaintiff Gregory Steshenko

Plaintiff is a "long-term unemployed Electronics Engineer" who at all relevant times has been over 50 years old. *See* Dkt. 1 (complaint) ¶¶ 27, 49.

### 2. Defendants

Defendant District is a California community college district located in this judicial District. *See* Dkt. 1 ¶ 17. Defendant Board is the governing body of the District. *Id.* ¶ 18. Defendants Patrick J. Ahrens, Laura Casas, Pearl Cheng, Peter Landsberger, and Gilbert Wong are the members of the Board. *Id.* ¶ 19. Defendant Alex Febo is a District employee holding the position of Director of the De Anza MLT Program. *Id.* ¶ 20.

## B. Factual Background

The District operates a state-approved MLT program at De Anza College. *See* Dkt. 1 Ex. A at PDF p. 59. To complete the MLT program and become eligible for a state MLT license, students must complete certain coursework. Dkt. 1 ¶ 44. Each MLT student also must complete a six-month externship comprised of four "practicum" courses with companies in the area. *See id.* ¶¶ 5, 44, 46-48. These external companies interviewed MLT students and selected which students were permitted to enroll in the practicum courses. *Id.* ¶¶ 5, 48.

In the fall quarter of 2016, Plaintiff enrolled into the MLT program for professional retraining. *Id.* ¶¶ 1, 27. Plaintiff successfully completed the courses that were prerequisites for the practicum courses. *Id.* ¶ 45. Plaintiff interviewed with external affiliates of the MLT program for externship opportunities, but he was not selected. *Id.* ¶¶ 5, 7. According to Plaintiff, "the employees [of the affiliates] told plaintiff that he is not suitable for training due to his age" and as a result "defendants denied plaintiff enrollment into the college courses necessary for his graduation." *Id.* ¶ 7.

[1] This recitation of facts is taken in large part from the allegations of the complaint and the exhibits to the complaint (Dkt. 1), as well as from the documents of which the Court has taken judicial notice (*see* section III.A. below).

### C. Previous Litigation

#### 1. *Steshenko 1: Steshenko v. De Anza College, et al.*, Santa County Superior Court Case No. 17-CV-317-602

On October 17, 2017 Plaintiff filed a lawsuit in Santa Clara County District Court, styled *Steshenko v. De Anza College, et al.*, No. 17-CV-317-602 ("*Steshenko 1*"); *see also* Dkt. 16-4 Ex. E at PDF p. 3. The complaint, which named as defendants the District and individual trustees, alleged causes of action for age discrimination, breach of contract, and other claims. *See* Dkt. 16-4 Ex. E at PDF p. 3. Following removal of the case to federal court, remand to state court, the filing of a second amended complaint, and an order sustaining in part a demurrer to the second amended complaint, Plaintiff filed a third amended complaint on April 11, 2019. *See id.* The third amended complaint contained causes of action for age discrimination, violation of constitutional rights to due process and equal protection, violation of the constitutional right to free public education, breach of contract, and other claims. Dkt. 16-1 Ex. A. The court sustained in part a demurrer to the third amended complaint and thereafter denied Plaintiff's motion for leave to file a fourth amended complaint. *See* Dkt. 16-4 Ex. E at PDF pp. 4-5.

After these proceedings, the following causes of action remained in the operative third amended complaint in *Steshenko 1*: (1) age discrimination; (2) breach of contract; and (3) intentional infliction of emotional distress. *See id.* at p. 5; *see also* Dkt. 16-1 Ex. A. On December 28, 2021, the state trial court granted the defendants' motion for summary judgment on all the claims, and the court entered judgment in the defendants' favor on January 31, 2022. Dkt. 16-4 Exs. E-F.

Plaintiff appealed, and on July 26, 2023, the Sixth District Court of Appeals affirmed the trial court's order granting summary judgment in favor of the defendants. Dkt. 16-4 Ex. G.

#### 2. *Steshenko 2*: *Steshenko v. Foothill-De Anza Community College District, et al.*, Santa Clara County Superior Court Case No. 19-CV-360490

On June 24, 2020, Plaintiff filed a first amended complaint in a different action in Santa Clara County Superior Court against the District, District employees who operated De Anza's MLT program, clinical laboratories (and employees thereof) who provided internships in connection with the MLT program, and several government and accreditation agencies, styled

*Steshenko v. Foothill-De Anza Community College District, et al.*, Case No. 19-CV-360490 ("*Steshenko 2*"). The first amended complaint in *Steshenko 2* contained causes of action for age discrimination, violation of constitutional rights to due process and equal protection, violation of the constitutional right to free public education, breach of contract, and other claims. Dkt. 16-1 Ex. C.

On January 21, 2021, the state trial court entered a prefiling order finding Plaintiff to be a vexatious litigant. Dkt. 16-4 Ex. J. Plaintiff appealed, and on August 1, 2023, the Sixth District Court of Appeal modified the vexatious litigant order such that plaintiff would not be required to provide security for the benefit of certain defendants (including the District and certain affiliated defendants) and, as modified, affirmed the order. Dkt. 16-4 Ex. H.

On April 11, 2024, the trial court lifted the stay of the case. Dkt. 16-4 Ex. I.

#### 3. ***Steshenko 3: Steshenko v. Board of Trustees of Foothill-De Anza Community College District, et al.*, Santa Clara County Superior Court Case No. 21-CV-391490)**

On November 15, 2021, Plaintiff filed a lawsuit in Santa Clara County Superior Court against the District, the Board, individual board members, and the District employee who was program director of De Anza's MLT program, styled *Steshenko v. Board of Trustees of Foothill DeAnza Community College District, et al.*, Case No. 21-CV-391490. The complaint contained causes of action for violation of Plaintiff's First Amendment rights and retaliation for filing an age discrimination complaint. Dkt. 16-2 Ex. D.

### D. This Action

Plaintiff filed this action on August 29, 2024. *Id.* The complaint refers to an earlier lawsuit he filed in Santa Clara County Superior Court, which appears to be a reference to *Steshenko 1*. Dkt. 1 ¶ 8. The complaint in this case alleges that "because of plaintiff's lawsuit, the college replaced the persons responsible for the MLT enrollment" and "[t]he illegal practices were ostensibly abolished." *Id.* ¶ 11. The complaint alleges that on March 20, 2024, Plaintiff emailed a letter to certain of the Defendants "demanding their permission for his enrollment" but "Defendants did not answer." *Id.* ¶ 23 and Ex. A; *see also id.* ¶¶ 12, 53. Plaintiff thereafter filed a government claim against the District, to which the District did not respond. *Id.* ¶ 13 and Ex. B.

Plaintiff then filed this action.

Now before the Court are two fully-briefed motions: (1) Defendants' motion to dismiss the complaint (Dkt. 16 (motion), Dkt. 18 (opposition), Dkt. 21 (reply)); and (2) Defendants' motion for sanctions (Dkt. 17(motion), Dkt. 19 (opposition), Dkt. 22 (reply)). Also before the Court is Plaintiff's motion for leave to file a supplemental brief in opposition to the motion to dismiss and motion for sanctions. Dkt. 20.

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

On the same day Plaintiff filed his oppositions to Defendants' motion to dismiss and motion for sanctions, Plaintiff filed a separate motion requesting that the Court accept a supplemental brief in opposition to both motions. Dkt. 20. Plaintiff explained his request to file a supplemental brief as follows: "Separation of this brief from plaintiff's opposition briefs was prompted by plaintiff's genuine desire to spare this Court from reading the argument that plaintiff believes is irrelevant, but the Court might find otherwise." *Id.* at 1-2. Plaintiff's motion for leave to file a supplemental brief included as an exhibit his proposed supplemental brief. Dkt. 20-1. In the proposed supplemental brief, Plaintiff expresses his view that "the state court proceedings are fully irrelevant to the instant case, aside from the fact that plaintiff complained about and sued for age discrimination" and that "the matter of collateral estoppel[2] does not require this Court to delve into the state proceedings" beyond considering "the state court's decision adjudicating the issue." *Id.* at 2. Plaintiff states that Defendants have nevertheless raised "collateral estoppel claims based upon the minute details of the state proceedings, which this Court has no knowledge about," and Plaintiff's proposed supplemental brief provides "some background information on what has happened at the state level, if the Court takes an interest in it." *Id.*

For the reasons discussed below, the Court is unable to reach a conclusion on the res judicata issue on the present record for reasons other than the matters presented in Plaintiff's proposed supplemental brief and therefore finds it unnecessary to consider the proposed

---

[2] Plaintiff's proposed supplemental brief refers repeatedly to collateral estoppel, but Defendants' present motion to dismiss and motion for sanctions argue res judicata, not collateral estoppel. The Court understands Plaintiff's proposed supplemental brief to relate to Defendants' res judicata arguments.

supplemental brief at this time. In addition, permitting Plaintiff to file the proposed supplemental brief would result in combined briefing that exceeds the page limits for his opposition to the motion to dismiss, whereas he has failed to demonstrate a need for additional pages. *See* Civ. L.R. 7-2. The Court therefore **DENIES** Plaintiff's motion for leave to file a supplemental brief. If Plaintiff believes it necessary to provide the information contained in his proposed supplemental brief in opposing a possible motion to dismiss and/or motion for sanctions in connection with his forthcoming amended complaint, he must do so within his main brief(s) and adhere to the page limits for such brief(s).

## III. MOTION TO DISMISS

### A. Evidentiary issues

Federal Rule of Evidence 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Both sides ask the Court to take judicial notice of various documents in connection with Defendants' motion to dismiss. Defendants request that the Court take judicial notice of various documents filed in cases Plaintiff filed in state court. Dkt. 16 at ECF pp. 31-32. Courts may properly take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Accordingly, Defendants' request for judicial notice of Exhibits A through K to their motion to dismiss (Dkt. 16-1, 16-2, 16-3, and 16-4) is **GRANTED.**

Plaintiff asks the Court to take judicial notice of two documents: (1) the latest version of California Code of Regulations, Title 5, § 58108; and (2) excerpts of the De Anza College 2016-2017 catalog. Dkt. 18 at ECF pp. 31-32. The Court **DENIES** Plaintiff's request for judicial notice of the CCR provision as unnecessary because the Court may consider legal authorities without taking judicial notice of them. *See Anselmo v. Cnty. of Shasta, Cal.*, 873 F. Supp. 2d 1247, 1254 n.4 (E.D. Cal. 2012) ("The court need not take judicial notice of relevant statutes and regulations"); *see also Naseri v. City and Cnty. of San Francisco*, No. 24-cv-05413-TSH, 2025

WL 267317, at *4 (N.D. Cal. Jan. 22, 2025) ("judicial notice pertains to adjudicative facts rather than case law").

As for the course catalog excerpts, "documents not attached to the complaint may be considered if no party questions their authenticity and the complaint relies on those documents." *Harris*, 682 F.3d at 1132. The course catalog excerpts for which Plaintiff seeks judicial notice are from the 2016-2017 academic year. Dkt. 18 at ECF pp. 36-117. The complaint refers repeatedly to a catalog, but attaches catalog excerpts from a different academic year (2020-2021). *See, e.g.*, Dkt. 1 ¶¶ 3-4, 41-43 and Ex. C thereto. Plaintiff's opposition to the motion to dismiss quotes from a passage in the 2016-2017 catalog regarding students' ability to pick from different catalogs, but it is unclear the purpose for which Plaintiff seeks judicial notice of the 2016-2017 catalog excerpts. Accordingly, Plaintiff's request that the Court take judicial notice of the 2016-2017 catalog excerpts in connection with his opposition to the present motion to dismiss is **DENIED.**

**B. Sovereign Immunity**

The Eleventh Amendment provides: "The Judicial power … shall not … extend to any suit in law or equity … against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI. This has been interpreted as a grant of sovereign immunity to the states against suit in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) ("It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.") Although the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it has been so interpreted. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.")

A sovereign immunity defense may be raised in a Rule 12(b)(6) motion. *Sato v. Orange Cnty. Dept. of Education*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) (internal quotations marks and citations omitted). Whether Plaintiff's claims are barred by the Eleventh Amendment's grant to states of sovereign immunity is a "threshold" issue. *Deschutes River Alliance v. Portland General Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021); *see also Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001). The Court

therefore first considers whether any of the Defendants are entitled to sovereign immunity under the Eleventh Amendment on any of Plaintiff's claims.

Defendants argue that the District, the Board of Directors, and the individual defendants (who are board members and one employee of the District) are all entitled to sovereign immunity under the Eleventh Amendment with respect to two of Plaintiff's causes of action: the first cause of action for interference with civil rights to petition the government and seek redress of grievances, and the third cause of action for violation of right to due process under the fourteenth amendment and California Constitution. Dkt. 16 at 8-9, 16.

**1. District and Board**

A community college district such as District is an arm of the state and is entitled to Eleventh Amendment immunity in federal courts unless an exception to sovereign immunity applies. *Johnson v. Rancho Santiago Cmty. College Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010). Similarly, the Board "is an arm of the state of California and thus the Board of Trustees may invoke the Eleventh Amendment immunity." *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1287 (N.D. Cal. 2014) ("*Albee I*"). As a result, the District and Board, who have asserted sovereign immunity as to Plaintiff's first and third causes of action, are entitled to sovereign immunity on those claims unless an exception applies.

There are three exceptions to state sovereign immunity under the Eleventh Amendment: (1) Congress may abrogate that immunity; (2) the state may waive that immunity by consenting to suit; and (3) under the *Ex parte Young* doctrine, immunity does not apply when the plaintiff chooses to sue a state official for prospective injunctive relief. *Albee I*, 42 F. Supp. 3d at 1288 (collecting cases).

**a. Congressional abrogation of Eleventh Amendment immunity**

Plaintiff's first and third causes of action both allege infringement of Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983 and state statutory provisions. See Dkt. 1 at pp. 11, 13. "Eleventh Amendment immunity has not been abrogated with respect to section 1983 claims." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1403 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001). Accordingly, the abrogation exception to sovereign

immunity does not apply to the first and third causes of action.

**b. Waiver of Eleventh Amendment immunity**

Plaintiff asserts Eleventh Amendment sovereign immunity with respect to a section 1983 claim has been waived for several reasons, including that (1) because the state courts have not allowed Plaintiff to pursue his claims "the state courts are irreparably dysfunctional and there is no state venue to litigate defendant's violations of plaintiff's constitutional rights," and (2) Defendants' removal of one of the previous state court cases waives sovereign immunity. Dkt. 18 at 15-16. Plaintiff cites no legal authority to support these propositions and therefore has failed to demonstrate that Defendants waived their sovereign immunity.

**c. *Ex parte Young* doctrine**

The applicability of the *Ex parte Young* doctrine depends in part on the status of each Defendant. The *Ex parte Young* doctrine exists only in the context of claims against state officials, not state agencies. *Id.* at 1289. As discussed above, the District and Board are state agencies, and therefore there is no potential application of the *Ex parte Young* exception to the sovereign immunity of those entities and their Eleventh Amendment sovereign immunity remains in effect. *See Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 989 (N.D. Cal. 2014) ("*Gayrard II*").

**2. Individual Defendants**

The individual defendants' entitlement to Eleventh Amendment immunity turns both on whether they are sued in their official or individual capacity and on what type of relief is sought. State officials sued in their official capacity for retrospective relief, including damages, are generally entitled to Eleventh Amendment immunity. *Lund v. Cowan*, 4 F.4th 964, 969-70 (9th Cir. 2021); *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). Suits against state officials in their official capacities seeking prospective injunctive relief for ongoing and continuous violations of federal law (as opposed to suits seeking to adjudicate the legality of past conduct) are not barred by the Eleventh Amendment. *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).

In his opposition to the motion to dismiss, Plaintiff states that the individual defendants

"are sued in their official and individual capacities." Dkt. 18 at 19. To the extent the individual defendants are sued in their official capacities, the applicability of the *Ex parte Young* exception to sovereign immunity turns on the type of relief Plaintiff seeks from the individual defendants. Plaintiff seeks damages, declaratory relief, and injunctive relief. *See* Dkt. 1 at p. 15 (Prayer for Relief). The individual defendants are immune under the Eleventh Amendment on the claim for damages and other retrospective relief including declaratory relief. *See Arizona Students' Ass'n,* 824 F.3d at 866. However, the Eleventh Amendment does not bar Plaintiff's claims for prospective injunctive relief, which seek: (1) "An order that permanently enjoins defendants from the foregoing retaliatory practices"; and (2) "An order that defendants immediately permit plaintiff's enrollment into the accessible to him Practicum courses, which are required for plaintiff's graduation from the De Anza MLT Program." *Id.*

To the extent Plaintiff's first and third causes of action are premised on violations of California statutes or the California Constitution (as opposed to section 1983), all of the Defendants are nevertheless entitled to sovereign immunity on those claims. "[T]he Eleventh Amendment deprives federal courts [of] jurisdiction to order state actors to comply with state law." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). "Nor is *Ex Parte Young*, which permits claims for injunctive relief only against a State, applicable to state law claims." *Carmen*, 982 F. Supp. at 1406.

Suits against state officers in their individual capacity for violation of federal law, including suits for damages, are not barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988).

**3. Conclusion on Sovereign Immunity**

In conclusion, the District and Board are entitled to sovereign immunity on Plaintiff's first and third causes of action. *Id.* This defect cannot be cured by amendment, and therefore the first and third causes of action are **DISMISSED WITH PREJUDICE** as to the District and Board.

To the extent they are sued in their official capacities, the individual defendants are entitled to sovereign immunity as to any claims for damages or retrospective relief in connection with the first and third causes of action, and this defect cannot be cured by amendment. Therefore, the first

and third causes of action are **DISMISSED WITH PREJUDICE** as to the individual defendants to the extent those causes of action seek damages or other retrospective relief from the individual defendants in their official capacities.

Because Plaintiff purports to (1) seek prospective relief from the individual defendants in their official capacities, and (2) also sue the individual defendants in their individual capacities, the Court cannot conclude based on the present record that sovereign immunity entirely bars the first and third causes of action against the individual defendants, and therefore the Court further considers those causes of action below, concluding that they are not adequately pleaded.

**C. First Cause of Action: Interference with Civil Rights to Petition the Government and Seek Redress of Grievances**

As discussed in section III.B. above concerning sovereign immunity, the Court has dismissed the first cause of action without leave to amend with respect to the District and the Board, and has dismissed Plaintiff's claims for damages and other retrospective relief against the individual defendants to the extent they are sued in their official capacities. Because the Court cannot conclude based on the present record that sovereign immunity entirely bars the first cause of action against the individual defendants, the Court now considers whether that cause of action states a plausible claim against those defendants.

**1. Res judicata**

Defendants argue that the first cause of action is barred by res judicata (claim preclusion) in light of the fact Plaintiff brought similar claims in *Steshenko 1* and *Steshenko 3*, two of the state court cases filed by Plaintiff. Dkt. 16 at 11-12. Federal courts apply state law to determine the preclusive effect of state court judgments. *Johnson v. City and County of San Francisco*, No. C-11-5081-EMC, 2013 WL 1616118, at *7 (N.D. Cal. Apr. 15, 2013) (citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007). Under California law, the elements of res judicata are: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Johnson*, 2013 WL 1616118, at *7 (citing *People v. Barragon*, 32 Cal. 4th 236, 253

(2004)). Res judicata "bars not only claims adjudicated but those which could have been brought." *Thompson v. Ioane*, 11 Cal. App. 5th 1180, 1191 (2017). Moreover, res judicata does not strictly require the identical parties; parties in privity are also bound. *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 821-24 (2015).

This case is largely premised on claims that were rejected in *Steshenko 1*. In both *Steshenko 1* and this case, Plaintiff has alleged, based on various legal theories include age discrimination, that Defendants acted improperly in denying him enrollment into the courses necessary for him to complete the MLT program. *See generally* Dkt. 1 (complaint in this case); Dkt. 16-1 Ex. A (third amended complaint in *Steshenko 1*); *see also* Dkt. 1 ¶ 8 (Plaintiff's assertion in the complaint in this case that "[t]he only relevant part of that circuitous litigation" he filed in Santa Clara County Superior Court "is that plaintiff complained about age discrimination"). In *Steshenko 1*, the state courts rejected Plaintiff's claims. *See generally* Dkt. 16-1 Ex. E (trial court's summary judgment order in *Steshenko 1*); Dkt. 16-1 Ex. G (Sixth District Court of Appeal's opinion affirming trial court judgment in *Steshenko 1*).

Despite the significant overlap in the facts and legal theories in this case and the earlier *Steshenko 1* case, the Court cannot conclude that Plaintiff's first cause of action in this case, as presently pleaded, is barred by res judicata. The first cause of action here alleges that Defendants retaliated against him for his earlier litigation against them. *See* Dkt. 1 ¶ 58; *see also id.* ¶ 55. This retaliation claim was not raised in *Steshenko 1*, which was the first of the series of lawsuits filed by Plaintiff against Defendants. *See* Dkt. 16-1 Ex. A (third amended complaint in *Steshenko 1*). Accordingly, the final judgment in *Steshenko 1* is not res judicata on the issue of retaliation because the issue was not raised and litigated in that case. *See Johnson*, 2013 WL 1616118, at *7.

Defendants note that Plaintiff's complaint in *Steshenko 3* included allegations that Defendants retaliated against him for his earlier litigation against them. *See* Dkt. 16-1 Ex. D (first amended complaint in *Steshenko 3*) ¶¶ 73-76. However, Defendants acknowledge that the appeal in *Steshenko 3* remains pending. Dkt. 16 at 12 n.3; *see also* Dkt. 17 at 2 (statement in Defendants' motion for sanctions that "Steshenko 2 and 3 remain pending but have not been prosecuted"). Under California law, "a judgment is not final for purposes of res judicata or collateral estoppel if

an appeal is pending or could still be taken." *Riverside County Transp. Comm. v. So. Cal. Gas Co.*, 54 Cal. App. 5th 823, 838 (2020). Because the trial court judgment in *Steshenko 3* is still on appeal, it cannot serve as the basis for res judicata in this case.[3]

Accordingly, because the complaint in this case includes a retaliation claim that was not raised in a previous case that has progressed to final judgment, the first cause of action, as currently pleaded, is not barred by res judicata. Nevertheless, as discussed in the following section, Plaintiff's first cause of action does not meet pleading standards and will be dismissed with leave to amend. If warranted, Defendants may again argue res judicata in connection with Plaintiff's forthcoming amended complaint.

**2. Failure to state a claim**

Apart from their argument that the first cause of action is barred by res judicata, Defendants argue that the first cause of action should be dismissed because it fails to set forth non-conclusory allegations that plausibly give rise to an entitlement to relief. Dkt. 16 at 9-10. The Court agrees.

**a. Legal standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

[3] Defendants state that Plaintiff already tried to litigate a retaliation claim in *Steshenko 3* and argue that "Plaintiff's retaliation claim is still based on the same transactional nucleus of facts, and thus should be barred in the instant matter." Dkt. 16 at 12. As discussed in section III.E.2. below, the res judicata effect of Plaintiff's state court cases is determined under the "same primary right" standard, not the "same transactional nucleus of facts" standard.

2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a claim are insufficient. *Id.*

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**b. Discussion**

Plaintiff brings his first cause of action under 42 U.S.C. § 1983 and several state statutes. Dkt. 1 p. 11. "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal and statutory challenges to actions by state and local officials." *Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 953 (N.D. Cal. 2014).

Plaintiff's first cause of action alleges that Defendants violated Section 1983 because "[b]y their retaliation for plaintiff's state lawsuit, defendants interfered with plaintiff's civil rights to petition the government and seek redress of grievances in court." Dkt. 1 ¶ 58; *see also id.* ¶ 55 ("In retaliation for plaintiff's lawsuit and complains [sic] about age discrimination and breach of obligations by the public officials, defendants denied plaintiff enrollment into the required for his graduation courses, for which he is entitled"). Plaintiff alleges that Defendants' conduct violated his rights under the Privileges and Immunities Clause (U.S. Constitution, Article IV, Section 2); the Petition Clause of the First Amendment to the U.S. Constitution; the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; and Article 1, Section 3(a) of the California Constitution. The essence of Plaintiff's first cause of action is captured in paragraph 58 of the complaint: "By their retaliation for plaintiff's state lawsuit, defendants interfered with plaintiff's civil rights to petition the government and seek redress of grievances in court. Their retaliatory action intended to exemplarily punish plaintiff for his lawsuit and to chill plaintiff's and

other students' exercise of their right to grieve and litigate." Dkt. 1 ¶ 58.

The elements of a retaliation claim are that the plaintiff "engaged in a protected activity, that the defendant subjected him or her to an adverse action, and that there was a causal link between the protected activity and the defendant's action." *Bergene v. Salt River Proj. Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1140–41 (9th Cir.2001); *see also U.S. E.E.O.C. v. Univ. Coll. of Chapman Univ.*, No. C 11-04845 LB, 2012 WL 1831523, at *3 (N.D. Cal. May 18, 2012). Plaintiff's bare-bones and conclusory allegations fall far short of adequately pleading all of these elements. Plaintiff alleges that he filed a lawsuit in Santa Clara County Superior Court and that "because of plaintiff's lawsuit, the college replaced the persons responsible for the MLT enrollment" and "[t]he illegal practices were ostensibly abolished." Dkt. 1 ¶¶ 8, 11. Although the complaint does not set forth the factual basis for Plaintiff's allegations about the effects of his lawsuit on operation of the MLT program, Defendants do not dispute that Plaintiff engaged in protected activity when he filed state court litigation against them.

On the requirement that Defendants have subjected Plaintiff to an "adverse action," Plaintiff's theory appears to be that in 2024 Defendants refused to allow Plaintiff to enroll in classes he needed to graduate. *See* Dkt. 1 ¶¶ 12, 23, 53.[4] However, the only factual allegations on this point are that: (1) "on March 20, 2024, plaintiff submitted a request to defendants to permit plaintiff's enrollment into the outstanding courses required for his graduation", and (2) Defendants did not respond. *Id.* ¶ 53 (citing Ex. A to the complaint); *see also id.* ¶ 12 ("Plaintiff requested his enrollment from the newly appointed MLT Program Director and from the trustees of the college district" but "[h]e received no response"); *id.* ¶ 23 ("On March 20, 2024, plaintiff submitted to defendants his letter demanding their permission for his enrollment" but "Defendants did not answer"); Dkt. 1 at Ex. 1 (Plaintiff's March 20, 2024 letter). The letter from Plaintiff attached as

[4] In Plaintiff's opposition to the motion to dismiss, Plaintiff asserts that "he has been enrolled into the MLT program of the college and his college and program enrollments have not been terminated." Dkt. 18 at 21. Plaintiff clarifies that the issue in this case is not his "re-enrollment" into the District, but Defendants' denial of "plaintiff's <u>enrollment into the courses required for graduation</u>." *Id.* at 21-22 (emphasis in original). Defendants dispute that Plaintiff is currently an enrolled student in the District but state that the distinction between "enrollment" and "re-enrollment" makes no difference for purposes of the Rule 12(b)(6) motion. Dkt. 21 at 4 n.1.

Exhibit A to the complaint was addressed to the email addresses of enumerated "Foothill-DeAnza Board of Trustees Members" and to "Faculty Director of the De Anza College MLT Program" Alex Febo. Dkt. 1 at ECF pp. 18-19. The letter stated: "I hereby request permission to enroll into the MLT practicum courses designated as HTEC 180, HTEC 183, HTEC 184 and HTEC 185. I have met all prerequisites for these courses." *Id.* After listing various CCR provisions, the letter stated: "Your denial or failure to give a timely response will cause submission of the government claim and further legal action." *Id.*

These allegations are deficient in identifying an "adverse action" by Defendants, for at least two reasons. First, there are no facts in the complaint suggesting that a student may enroll in De Anza MLT courses simply by sending an email such as the one Plaintiff sent to the Board of Trustees and the MLT Director. Plaintiff states in his opposition brief that by 2024, "plaintiff ascertained that the district trustees and the MLT Program Director have the power to permit his enrollment into the outstanding college courses." Dkt. 18 at 10. However, Plaintiff cannot supplement deficient allegations of his complaint with new facts set forth in his opposition brief. *See Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998). The complaint does not allege facts regarding how Plaintiff "ascertained" the enrollment procedure he followed.

Second, even if the Court accepts as true Plaintiff's implied theory that he followed the proper procedure in attempting to enroll, the complaint does not contain facts supporting Plaintiff's allegations that Defendants "denied" him enrollment. Dkt. 1 ¶ 55. The complaint repeatedly states only that Defendants failed to respond to Plaintiff's emailed letter. *See id.* ¶¶ 12, 23, 53. Plaintiff has failed to allege sufficient facts to state a plausible case that Defendants' *inaction* – i.e., their alleged non-response to Plaintiff's email - constitutes an adverse *action* that could support a retaliation claim. The complaint provides no factual basis to support the inference upon which Plaintiff relies: that the recipients of Plaintiff's March 20, 2024 email had a duty to respond to the email. Thus Plaintiff has not plausibly alleged that his emailed letter gave rise to any obligations to Defendants to respond, much less any duty to allow him to enroll in classes. If Plaintiff attempts to pursue this cause of action in an amended complaint, he must set forth the facts that support this inference.

In addition to Plaintiff's deficient pleading of the "adverse action" element of a claim for retaliation, Plaintiff has not alleged any facts demonstrating the required nexus between the adverse action by Defendants and Plaintiff's protected conduct. *See Gayrard I*, 44 F. Supp. 3d at 954. To establish a causal connection between his protected activity and the adverse actions, a plaintiff may allege direct evidence or circumstantial evidence from which causation can be inferred. *Fitch v. San Francisco Unified Sch. Dist.*, No. 15-CV-02769-SI, 2015 WL 6551668, at *6–7 (N.D. Cal. Oct. 29, 2015). Depending on the facts of the particular case, the "temporal proximity of the protected activity and the occurrence of the adverse action" can support an inference of causation. *Id.* "When relying solely on temporal proximity … a specified time period cannot be a mechanically applied criterion." *Id.* (citing *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005)).

Plaintiff's email requesting enrollment was dated March 20, 2024. Dkt. 1 Ex. A. From the context set forth in the complaint, it appears that the "lawsuit in Santa Clara Superior Court" that Plaintiff alleges prompted Defendants' retaliation was *Steshenko 1*. *See* Dkt. 1 ¶ 8. The *Steshenko 1* case documents of which the Court has taken judicial notice indicate that the trial court issued its order granting Defendant's motion for summary judgment on December 28, 2021, and the Sixth District Court of Appeals affirmed the judgment on July 26, 2023. Dkt. 16-1 Exs. E, G. Therefore, at least 7.5 months elapsed between the appeals court ruling in *Steshenko 1* and Plaintiff's letter requesting enrollment. Courts have found even shorter time gaps to be insufficient to give rise to a plausible inference of causation. *See, e.g., Streets v. Space Sys./Loral, LLC*, No. 20-CV-07901-EJD, 2021 WL 4146962, at *8 (N.D. Cal. Sept. 13, 2021) (holding that a four-to-five month gap between the protected activity and the alleged retaliation "is insufficient, without more, to give rise to a plausible inference of causation") (collecting cases). "The mere fact that the [adverse actions] took place after [plaintiff's protected activity] is not sufficient by itself to give rise to an inference of a causal link." *Knox v. Donahoe*, 2012 U.S. Dist. LEXIS 37719 at *27, 2012 WL 949030, at *9 (N.D. Cal. Mar. 20, 2012)). Accordingly, Plaintiff's complaint lacks sufficient facts to plead a cognizable claim that Defendants retaliated against him for filing a lawsuit in state court.

Accordingly, Defendants' motion to dismiss the first cause of action for failure to state a claim is **GRANTED**. Because it is possible that Plaintiff could allege additional facts to cure the deficiencies identified above, the Court dismisses **WITH LEAVE TO AMEND** this claim. In light of the Court's sovereign immunity ruling in section III.B. above, the first cause of action may only be re-pleaded as to the individual defendants (1) in their individual capacity and/or (2) if in their official capacity, only for prospective injunctive relief against those defendants.

**D. Second Cause of Action: Retaliation for Filing an Age Discrimination Complaint**

Plaintiff's second cause of action alleges retaliation for filing of an age discrimination in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq* – the "ADEA"); the Age Discrimination Act of 1975 (42 U.S.C. §§ 6101 *et seq.* – the "ADA"); Cal. Gov't C. § 12940(h) ("FEHA"); and 2 Cal. C. Regs. § 11021. The Court first considers whether and what relief may be sought under this cause of action against the various sets of Defendants, then discusses whether Plaintiff has adequately pleaded this cause of action

**1. Individual Defendants**

As a preliminary matter, the Court considers whether the second cause of action, which is asserted against "all defendants" (Dkt. 1 at p. 13), states a claim for retaliation as to the individual defendants. "While the issue of individual liability under Title VII and/or ADEA is not without disagreement, it appears settled that in the Ninth Circuit neither Title VII nor ADEA will support individual liability for claims of discrimination or retaliation. *Kennedy v. Kings Mosquito Abatement Dist.*, No. 1:12-CV-1458 AMI MJS, 2013 WL 3968150, at *3 (E.D. Cal. July 31, 2013) (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–588 (9th Cir.1993) and *Reno v. Baird*, 18 Cal.4th 640, 648–649, (1998)). A plaintiff's "disclaimer of intent to sue the individual Defendants in their individual capacities" does not overcome these limitations. *Kennedy*, 213 WL 3968150, at *3. Similarly, Plaintiff may not sue Defendants individually under the Age Discrimination Act of 1975 (*Albee I*, 42 F. Supp. 3d at 1290-91; *Gayrard I*, 44 F. Supp. 3d at 952) or for retaliation under FEHA (*Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008)). Finally, although Plaintiff bases the second cause of action in part on 2 Cal. C. Reg.

§ 11021, "[o]nly the Legislature, through enactment of a statute, can create a private right of action to directly enforce an administrate regulation...." *Thurman v. Bayshore Transit Management Inc.*, 203 Cal.App.4th 1112, 1132 (2012). Plaintiff has not identified any such statute that exists with respect to the cited FEHA regulation.

Accordingly, Plaintiff's second cause of action is without merit as to the individual defendants, Plaintiff cannot allege any additional facts that would cure the deficiency, and the second cause of action is therefore **DISMISSED WITHOUT LEAVE TO AMEND** as to the individual defendants. The following sections discuss the viability of the second cause of action as against the District and Board.

**2. Res judicata**

Defendants argue that "Plaintiff's Second Cause of Action sets forth numerous age discrimination statutes to support his retaliation claim, but he has already litigated age discrimination in Steshenko 1, and should be barred from bringing additional age discrimination claims under the doctrine of *res judicata*." Dkt. 16 at 14. According to Defendants, "Plaintiff's retaliation claim is merely alleging a different legal theory from the FEHA claim he litigated in Steshenko 1." *Id.* The Court's discussion of res judicata with respect to the first cause of action (*see* section III.C.1. above) is also relevant to Defendants' claim of res judicata with respect to the second cause of action. Defendants argue that the court in *Steshenko 1* determined that Defendants did not engage in age discrimination, but because the second cause of action in this case includes a retaliation claim that was not raised in *Steshenko 1*, the second cause of action, as currently pleaded, is not barred by the res judicata effect of *Steshenko 1*. Nevertheless, as discussed in the following section, Plaintiff's second cause of action does not meet pleading standards and will be dismissed with leave to amend. If warranted, Defendants may argue res judicata in connection with Plaintiff's forthcoming amended complaint.

**3. Failure to state a claim**

For the same reasons discussed in connection with Plaintiff's first cause of action (*see* section III.C.2. above), Plaintiff has failed to adequately plead a claim for retaliation because he has not pleaded facts to support a plausible case that Defendants took adverse action against him

as a result of his complaints about age discrimination. The second cause of action is therefore **DISMISSED WITH LEAVE TO AMEND**.

### E. Third Cause of Action: Violation of Right to Due Process under the Fourteenth Amendment and California Constitution

#### 1. Sovereign Immunity

As discussed in section III.B. above concerning sovereign immunity, the Court has dismissed the third cause of action without leave to amend with respect to the District and the Board, and has dismissed Plaintiff's claims for damages and other retrospective relief against the individual defendants to the extent they are sued in their official capacity. Because the Court cannot conclude on the present record that sovereign immunity entirely bars the third cause of action as to the individual defendants, the Court now considers whether that cause of action states a plausible claim against those defendants.

#### 2. Res judicata

In his third amended complaint in *Steshenko 1*, Plaintiff for the first time included a claim for violation of his due process rights. *See* Dkt. 16-1 Ex. A (ECF pp. 32-33). The state court granted the defendants' motion to strike that cause of action because Plaintiff had added it in violation of the court's previous ruling on a demurrer. *See* Dkt. 16-1 Ex. B (ECF p. 79); *see also* Dkt. 16 at 17 (explaining disposition of this cause of action in *Steshenko 1*). Defendants argue that res judicata bars the third cause of action for due process violations in this case because it is a "mere change in legal theory" and is based on "the same transactional nucleus of facts [that] has already been litigated." Dkt. 16 at 18. In support of this argument, Defendants cite *Constantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982).

The relevant issue in *Constantini* was the res judicata effect of a previous federal judgment, which the court held was an issue to be decided under federal standards of res judicata. *Id.* at 1201. Federal courts determine the res judicata effect of a previous federal judgment by applying the "same transactional nucleus of facts" test. *See id.* at 1202. By contrast, where as here, a party asserts the res judicata effect of a previous California state court judgment, a federal court must determine whether both cases involve invasion of the same "primary right," which

looks at whether the plaintiff seeks relief for the same harm. *See Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th 788, 797-98 (2010). Because *Constatini* applied "a different standard of res judicata," that case is inapplicable where the previous cases at issue were in state court. *Ratliff v. Mortgage Store Fin., Inc.*, No. 17-cv-02155-EMC, 2017 U.S. Dist. LEXIS 5890090, at *7 (N.D. Cal. Nov. 29, 2017).

Although Defendants are correct that a previous state court judgment may have res judicata effect in a subsequent federal action, they have not addressed the "same primary right" standard that applies to this determination. Accordingly, the Court cannot conclude at this time that the third cause of action is barred by res judicata. If warranted, Defendants may argue res judicata under the correct legal standard in connection with Plaintiff's forthcoming amended complaint.

**3. Failure to state a claim**

Plaintiff's third cause of action alleges that he had a "legitimate entitlement to a public education as a property right" and that "[b]y the above-described behavior, defendants deprived plaintiff of his liberty and property without due process of law," in violation of the United States and California Constitutions. Dkt. 1 ¶¶ 71-73. Although the "above-described behavior" is not specifically identified in this cause of action, it appears to refer to Defendant' alleged denial of Plaintiff's attempt to enroll in MLT courses.

To state a procedural due process claim, a plaintiff must allege facts showing a deprivation of a constitutionally protected liberty or property interest, and a denial of adequate procedural protections. *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir. 2011); *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "[A] procedural due process claim first requires having a constitutionally protected interest and then the failure of the State to provide due process." *Adams v. Deloria*, 443 F. Supp. 3d 1093, 1106 (N.D. Cal. 2020). "The order of these events matters. A plaintiff must establish the predicate life, liberty, or property interest <u>before</u> any procedural safeguards attach." *Id.* (emphasis in original).

*Adams* involved a due process claim brought by a tenured teacher who alleged he was deprived of his opportunity to obtain a hiring preference available under California law because he was not notified of his opportunity to exercise that preference prior to the hiring of a new head

football coach. *Id.* at 1104-1106. A court in this District dismissed the due process claim, finding that "[b]ecause plaintiff did not apply for the position in question, he did not have a property interest in an athletic coaching position" and therefore "defendants could not deprive him of his due process when he did not possess a constitutionally protected property interest." *Id.* at 1106.

Similarly, although the third cause of action in this case alleges that Plaintiff has property and liberty interests in a public education (Dkt. 1 ¶¶ 71-72), it does not adequately allege facts that gave rise to Plaintiff's alleged right to enroll in the clinical practicum classes. The complaint repeatedly states only that Defendants failed to respond to Plaintiff's emailed letter. *See* Dkt. 1 ¶¶ 12, 23, 53. As discussed in section III.C.2. above in connection with the first cause of action, there are no facts in the complaint suggesting that a student may enroll in De Anza MLT courses simply by sending an email such as the one Plaintiff sent to the Board of Trustees and the MLT Director. Thus Plaintiff has not plausibly alleged that his emailed letter gave rise to any property or liberty right in such enrollment. He therefore has failed to allege sufficient facts to state a plausible case that Defendants' alleged non-response to Plaintiff's email resulted in deprivation of Plaintiff's right to a public education without due process.

Because it is possible that Plaintiff can rectify these deficiencies by amendment, Defendants' motion to dismiss the third cause of action is **GRANTED WITH LEAVE TO AMEND.** In light of the Court's sovereign immunity ruling in section III.B. above, the third cause of action may only be re-pleaded as to the individual defendants (1) in their individual capacity and/or (2) if in their official capacity, only for prospective injunctive relief against those defendants.

**F. Fourth Cause of Action: Breach of Obligations Arising from Operation of Law (Cal. Civ. C. §§ 1428)**

Defendants argue that the fourth cause of action for "breach of obligations arising from operation of law," which cites California Civil Code § 1428 and 5 California Code of Regulations §§ 51006, 58106, and 58108, should be dismissed for two reasons: (1) res judicata bars Plaintiff from re-litigating this cause of action; and (2) the complaint does not elaborate on how Defendants' alleged conduct violated the cited sections of the California Code of Regulations.

Dkt. 16 at 18-20. Defendants also seek dismissal of Plaintiff's attempt to seek punitive damages on this cause of action. *Id.* at 19-20; *see also* Dkt. 1 ¶ 77.

Defendants' res judicata argument with respect to the fourth cause of action relies on the "same transactional nucleus of facts" test, which does not apply in this case as explained in section III.E.2. above. The Court therefore cannot conclude at this time that the fourth cause of action is barred by res judicata, although Defendants are not foreclosed from making this argument under the correct legal standard later in the case.

However, Defendants are correct that the complaint fails to state a claim because it does not state any facts to show a violation of the cited sections of the California Code of Regulations. Plaintiff cites California Civil Code § 1428, which states that "[a]n obligation arises either from: One – The contract of the parties; or, Two – The operation of law." Plaintiff identifies California Code of Regulations §§ 51006, 58106, and 58108 as the legal obligations giving rise to the fourth cause of action. Dkt. 1 ¶ 76.

Section 51006 is one of the "minimum conditions" required for community colleges. *See* 5 Cal. C. Regs. §§ 51000 *et seq.* Specifically, section 51006 requires the governing board of a community college district to adopt a statement that its policy is that "unless specifically exempted by statute or regulation, every course, course selection, or class, reported for state aid …. shall be fully open to enrollment and participation by any person who has been admitted to the college(s) and who meets" established prerequisites. 5 Cal. C. Reg. § 51106(a). The regulation also requires that the statement of policy must be published in the official catalog and elsewhere. 5 Cal. C. Reg. § 51106(b). The complaint does not allege that Defendants failed to adopt such an open courses policy or publish it as required under this regulation. To the contrary, the De Anza College catalog attached as Exhibit C to the complaint has the following open courses statement: "**OPEN CLASSES**. It is the policy of the Foothill-De Anza district that every course-unless specifically exempted by statute - will be open to any student who has been admitted to the college and meets the class prerequisites. This policy applies to courses which must report the class average daily attendance for state aid purposes. See Title 5 of the California Code of Regulations." Dkt. 1 Ex. B

United States District Court
Northern District of California

at ECF p. 49.[5]

The other regulations upon which Plaintiff bases the fourth cause of action (5 Cal. C. Reg. §§ 58106 and 58108) set forth standards for limiting enrollment in open courses as well as registration and enrollment procedures. However, this cause of action merely refers in a vague fashion to Defendants' "foregoing behavior" and does not specify how that behavior "breached their obligations" under these regulations. Dkt. 1 ¶ 76.

The fourth cause of action also fails to allege facts that plausibly establish that Defendants acted with the "oppression, fraud, or malice" necessary to support a claim for punitive damages. *See* Cal. Civ. C. § 3294(a); *see also* Dkt. 1 ¶ 77.

Defendants have not shown that these deficiencies cannot be cured through amendment. Accordingly, Defendants' motion to dismiss the fourth cause of action is **GRANTED WITH LEAVE TO AMEND.**[6]

### G. Fifth Cause of Action: Breach of Contract

Defendants argue that the fifth cause of action for breach of contract is barred by the res judicata effect of *Steshenko 1*. Dkt. 16 at 20-22. The fifth cause of action in this case alleges breach of a "written express contract." Dkt. 1 ¶ 79. Defendants argue that "Plaintiff litigated an implied contract theory against the District in Steshenko #1, and he had every opportunity to litigate a breach of an express contract as well." Dkt. 21 at 7. Given Defendants' failure to address the applicable "same primary right" standard for determining the preclusive effect of the state court judgment in *Steshenko 1* as well as their reliance elsewhere in the motion to dismiss on the inapplicable "same nucleus of operative facts" test (as discussed in section III.E.2. above), the

[5] The briefing on the present motion to dismiss does not address whether the "minimum conditions" including 5 Cal. C. Reg. § 51106 are enforceable by a community college student through a private right of action. *See* 5 Cal. C. Reg. §§ 51100, 51003 (setting forth non-exclusive enforcement procedures and remedies).

[6] The complaint alleges that the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a) because of their relationship to the federal claims in this action. Dkt. 1 ¶ 26. This order dismisses several causes of action that arise under federal law with leave to amend. If the Court ultimately dismisses all federal causes of action without leave to amend, it may decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). The Court has not yet made a decision in that regard.

Court cannot at this time conclude that the fifth cause of action for breach of contract is barred by res judicata. Defendants are not foreclosed from raising the res judicata argument later in the case.

The fifth cause of action is nevertheless deficient insofar as it seeks to characterize a breach of contract as a tort and seeks punitive damages under California Civil Code § 1428. *See* Dkt. 1 ¶ 80. "The distinction between tort and contract is well grounded in common law, and divergent objectives underlie the remedies created in the two areas." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988). Although Plaintiff cites CACI 303 in support of the statement that "[a] breach of contract is a tort," that civil jury instruction simply sets forth the essential factual elements of a breach of contract. Punitive damages under Civil Code § 3294 are available only in actions "for the breach of an obligation not arising from contract." Cal. Civ. C. § 3294(a). Plaintiff's fifth cause of action is styled as a breach of contract claim, and therefore Plaintiff's amended complaint must delete all references to the fifth cause of action as a "tort" claim and must not include a claim for punitive damages. Accordingly, the motion to dismiss the fifth cause of action is **GRANTED WITH LEAVE TO AMEND.**

### H. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the statute of limitations. Dkt. 16 at 22. According to Defendants, under either a two-year or three-year statute of limitations, the statute has run "since Plaintiff filed his claim on October 17, 2017 in California Superior Court alleging facts occurring in the fall of 2016." Dkt. 16 at 22. As discussed elsewhere in this order, Plaintiff has attempted to distinguish certain of his claims from those in earlier cases by alleging that Defendants retaliated against him for filing the earlier litigation. Although the currently operative complaint fails to sufficiently plead a retaliation claim, the Court has granted Plaintiff leave to amend the complaint. Under these circumstances, the Court **DENIES** Defendants' request to dismiss the original complaint on statute of limitations grounds, without prejudice to Defendants' ability to argue in the future that some or all of the claims in an amended complaint are barred by the applicable statute(s) of limitations.

### I. Conclusion on Motion to Dismiss

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART** and

United States District Court
Northern District of California

**DENIED IN PART.** The rulings are summarized by cause of action and Defendant in the following chart, and the deadline for filing an amended complaint on claims for which the Court has granted leave to amend is set forth in section V below.

| Cause of Action | District | Board of Trustees | Individual Defendants |
|---|---|---|---|
| 1. Interference with plaintiff's civil rights to petition government/seek redress of grievances afforded by Privileges & Immunities Clause; 1st Amendment; 14th Amendment Equal Protection; and CA Const. Art. 1 § 3(a) | **Dismissed without leave to amend ("LTA")** – sovereign immunity | **Dismissed without LTA** – sovereign immunity | Official-capacity claims for damages and retrospective relief: **dismissed without LTA** – sovereign immunity<br><br>Official-capacity claims for prospective relief: **dismissed with LTA** - Failure to state a claim<br><br>Individual-capacity claims: **dismissed with LTA** - Failure to state a claim |
| 2. Retaliation for filing an age discrimination complaint (under Age Discrimination in Employment Act (ADEA), Age Discrim. Act of 1975; FEHA; 2 CCR 11021) | **Dismissed with LTA**<br>- Failure to state a claim | **Dismissed with LTA**<br>- Failure to state a claim | **Dismissed without LTA** – no individual liability under ADEA, ADA, or FEHA; no private right of action for violation of CCR |
| 3. Violation of Right to Due Process (14th Am. and Cal. Const.) | **Dismissed without LTA** – sovereign immunity | **Dismissed without LTA** – sovereign immunity | Official-capacity claims for damages and retrospective relief: **dismissed without LTA** – sovereign immunity<br><br>Official-capacity |

| | | | |
|---|---|---|---|
| | | | claims for prospective relief: **dismissed with LTA**<br>**-** Failure to state a claim<br><br>Individual-capacity claims: **dismissed with LTA**<br>**-** Failure to state a claim |
| 4. Breach of obligations arising from operation of law (Cal. Civ. Code § 1428) | **Dismissed cause of action and request for punitive damages with LTA**<br>- Failure to state a claim | **Dismissed cause of action and request for punitive damages with LTA**<br>- Failure to state a claim | **Dismissed cause of action and request for punitive damages with LTA**<br>- Failure to state a claim |
| 5. Breach of contract | **Dismissed cause of action and request for punitive damages with LTA** | **Dismissed cause of action and request for punitive damages with LTA** | **Dismissed cause of action and request for punitive damages with LTA** |

The Court's ruling does not foreclose Defendants' ability to re-assert the following arguments in connection with the forthcoming amended complaint:

- Res judicata: If Defendants again assert res judicata, they must frame their argument in terms of the proper legal standard for determining the preclusive effect of prior state court judgments.
- Statute of limitations: If warranted, Defendants may argue that the claims, as amended, are barred by the applicable statute(s) of limitations.
- Supplemental jurisdiction: If Defendants seek dismissal of all federal claims in an amended complaint, Defendants may address whether the Court should exercise supplemental jurisdiction over the state court claims if all federal claims are dismissed.

////

////

United States District Court
Northern District of California

## IV. MOTION FOR SANCTIONS

When Defendants filed the present motion to dismiss, they also filed a motion for sanctions. Dkt. 17. Although framed as a motion for sanctions under Federal Rule of Civil Procedure 11, the relief sought in the motion for sanctions is an order requiring Plaintiff "to file a motion requesting leave of court before filing any new complaints against Foothill-De Anza Community College District or any of its officers, agents, or employees in any United States District Court in the State of California." *See* Dkt. 17 at Proposed Order (ECF pp. 17-18).

### A. Legal Standards

#### 1. Rule 11

Rule 11 empowers federal courts to impose sanctions upon a party signing a court paper where (a) the paper is "frivolous", or (b) the paper is filed for an "improper purpose." By presenting a pleading, written motion, or other paper to the court ("whether by signing, filing, submitting or later advocating it"), an attorney or unrepresented party certifies that they have conducted a "reasonable inquiry" to ensure that the document is well grounded in fact and warranted by existing law (or proposes a nonfrivolous argument for extension of the existing law), and that the document is not filed for an improper purpose "such as to harass or cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1)-(3). Rule 11's "central purpose" is to "deter baseless filings in district court" and provides for the assessment of sanctions upon the attorney, law firm, or party that violated the rule. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). A party's status as a pro se litigant does not exempt him from Rule 11 sanctions for filing frivolous claims with an improper purpose. *McMahon v. Pier 39 Ltd. P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003). Rule 11 requires that a challenged party be given 21 days to address an alleged violation before any motion for sanctions is filed. Fed. R. Civ. P. 11(c)(2). Plaintiff asserts that Defendants did not comply with this pre-filing requirement. Dkt. 19 at 3.

#### 2. Pre-filing orders against vexatious litigants

Federal courts have "the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also*

United States District Court
Northern District of California

28 U.S.C. § 1651(a) (All Writs Act) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Where appropriate, a court may issue a pre-filing order that "enjoin[s] the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). The Ninth Circuit has cautioned that "such pre-filing orders should rarely be filed" because of the danger of restricting a litigant's right of access to the courts, but such orders nevertheless are appropriate where a litigant's "[f]lagrant abuse of the judicial process" enables him "to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessy*, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

Four requirements must be satisfied before a pre-filing order against a vexatious litigant is warranted: (1) the litigant must be given notice and an opportunity to be heard; (2) the district court must compile an adequate record for review; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the resulting order must be "narrowly tailored to closely fit the specific vice encountered." *Id*. The first two requirements are "procedural," while the third and fourth factors are "substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal punctuation and citation omitted).

**B. Evidentiary issues**

Together with Defendants' motion for sanctions, they filed a request that the Court take judicial notice of certain documents filed in previous federal and state actions brought by Plaintiff. Dkt. 17 at PDF pp. 12-16 and exhibits thereto. Courts may properly take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court has taken judicial notice of certain of these documents in connection with Defendants' motion to dismiss, as discussed in

section III.A. above. The Court also **GRANTS** Defendants' request for judicial notice of the remaining documents attached to Defendants' request for judicial notice filed with their motion for sanctions.

**C. Discussion**

Defendants' proposed order on the motion for sanctions seeks a pre-filing order against Plaintiff. *See* Dkt. 17 at PDF pp. 17-18. Accordingly, the Court must consider whether the four *DeLong* requirements are satisfied.

**1. Notice and Opportunity to be Heard**

The first *De Long* factor is procedural and requires only that the litigant be given notice and an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147; *Ringgold-Lockhart*, 751 F.3d at 1063. The Court notes that although the present motion for sanctions discusses Rule 11 extensively (*see, e.g.*, Dkt. 17 at 4-7), the sanction it seeks is entry of a pre-filing order against Plaintiff as a vexatious litigant (*see id.* at 7-9 and PDF pp. 17-18). Rule 11 violations can be used to support a finding that a plaintiff is a vexatious litigant. *See Missud v. Nevada*, 861 F. Supp. 2d 1044, 1060 (N.D. Cal. 2012). However, Rule 11 is a distinct source of authority to impose sanctions and is an alternative to a vexatious litigant sanction. *See Ringgold-Lockhart*, 761 F.3d at 1065. Although Plaintiff's opposition to the motion for sanctions addresses the issue of whether he should be declared a vexatious litigant and be subject to a pre-filing order (*see* Dkt. 19 at 5-7), the present motion for sanctions is not sufficiently clear as to the type of relief sought and the legal and factual basis for that request.

**2. Adequate Record for Review**

The second *De Long* factor is also procedural and requires the Court to compile a list of all cases and motions to show that Plaintiff is abusing the judicial system. *See De Long*, 912 F.2d at 1147; *Ringgold-Lockhart*, 751 F.3d at 1063. The proceedings described in section I.C. above, along with the state and federal court filings of which the Court has taken judicial notice (*see* sections III.A. and IV.B. above), comprise the record Defendants have presented to the Court for review. The second factor is satisfied.

**3. Frivolous or Harassing Litigation**

The third *De Long* factor requires the district court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148; *Ringgold-Lockhart*, 751 F.3d at 1064. To determine whether the litigation is frivolous, district courts must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (internal quotation marks and citation omitted). Alternatively, a court may find that the litigant's claims show a pattern of harassment. *Id.*

The Ninth Circuit has found the following factors helpful in considering the third De Long factor: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *see also Ringgold-Lockhart*, 761 F.3d at 1062.

Defendants' motion for sanctions discusses three factual bases for their argument that Plaintiff has engaged in frivolous or harassing litigation: (1) Plaintiff has been designated a vexatious litigant in state court; (2) Plaintiff has previously filed unsuccessful state court litigation involving "claims [that] arise out of the same set of transaction facts events already litigated"; and (3) in previous federal court litigation filed by Plaintiff involving different claims against different defendants, Plaintiff has been found to have omitted information or engaged in frivolous litigation. *See generally* Dkt. 17.

**a. State court vexatious litigation finding/pre-filing order**

In *Steshenko 2*, the Santa Clara County Superior Court deemed Plaintiff a vexatious litigant under California law and imposed a pre-filing order. Dkt. 16-4 Ex. J. The Sixth Appellate District modified the pre-filing order in certain respects but affirmed the finding that Plaintiff was a vexatious litigant. Dkt. 16-4 Ex. H. Plaintiff unsuccessfully sought review of the appeals

court's decision by the California Supreme Court and the United States Supreme Court. Dkt. 16 at 5.

California Code of Civil Procedure § 391(b)(1) defines a vexatious litigant as a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person … " The state courts therefore appropriately focused on the number of previous litigations brought by Plaintiff that resulted in adverse final determinations. *See* Dkt. 16-4 Ex. H at 4-7 (Sixth Appellate District opinion in *Steshenko 2*). However, "[w]hile California law defines a vexatious litigant as one who has filed at least five litigations in state court that have been finally determined adversely to the person in the seven years preceding, Cal. Code Civ. P. § 391, under federal law, 'the criteria under which a litigant may be found vexatious is much narrower.'" *Arakji v. Abbott Lab'ys*, No. 5:24-CV-02202-EJD, 2024 WL 4309278, at *6 (N.D. Cal. Sept. 26, 2024).

Accordingly, the state courts' determination that Plaintiff is a vexatious litigant is not determinative of whether this Court should make a similar finding.

**b. Previous unsuccessful state court cases involving common defendants and similar claims**

A federal court may consider a party's "pattern of state court litigation" when deciding whether the party is a vexatious litigant because "a pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments may inform a court's decision that an injunction [i.e., a pretrial filing order] is necessary." *Ringgold-Lockhart*, 761 F.3d at 1065–66. Defendants' motion for sanctions is premised largely on an argument that Plaintiff's claims in this case are barred by the *res judicata* of his previous state court cases. Dkt. 17 at 5-7. According to Defendants, "[a] basis for imposing sanctions under Rule 11 is when a claim arises under the same transaction or nucleus of facts as previous litigation." *Id.* at 5. As discussed above, however, the Court has denied without prejudice Defendants' motion to dismiss certain causes of action in this case on the basis of *res judicata* for two main reasons: (1) Plaintiff has attempted to distinguish some of his causes of action from the earlier litigation by adding retaliation-based claims and,

although he has not adequately pleaded such claims, the Court has granted him leave to amend the complaint; and (2) Defendants' arguments for res judicata is premised on the "same transactional nucleus of operative facts" test applicable to previous federal court judgments instead of the "same primary right" test applicable to previous state court judgments. *See* section III. above. Accordingly, at this time Defendants have not yet established the necessary relationship between the state court cases and this case. Although Defendants are not necessarily required to demonstrate that the previous state court actions are res judicata on the issues presented in this case in order to have Plaintiff declared a vexatious litigant, in light of Defendants' emphasis on the res judicata argument in their motion for sanctions, the Court cannot conclude based on the present briefing that the previous state court litigation warrants a vexatious litigant finding here.

**c. Previous federal litigation involving other parties and claims**

The previous federal court litigation upon which Defendants rely in characterizing Plaintiff as a vexatious litigant were cases filed by Plaintiff against different parties, not the Defendants in this case. *See* Dkt. 17 Exs. K-O, Q. Again, this distinction is not necessarily dispositive on the vexatious litigant issue but Defendants have not adequately demonstrated why the previous litigation involving different parties makes Plaintiff's filing of this case frivolous or harassing.

For the foregoing reasons, the Court concludes that while Defendants may be able to make the necessary showing of the frivolous or harassing nature of this case, they have failed to so in the present motion for sanctions.

**4. Narrowly Tailored Order**

The Court will deny the present motion for sanctions without prejudice for the reasons discussed above, but as guidance to Defendants if they file a new motion for sanctions, the Court will discuss the final *De Long* factor, which requires a pre-filing order to be narrowly tailored to the vexatious behavior in order to protect the litigant's right of access to the courts. *De Long*, 912 F.2d at 1148*; see also Ringgold-Lockhart,* 751 F.3d at 1066. The pre-filing order Defendants seeks would require Plaintiff to file a motion requesting leave of court before filing "any new complaints against Foothill-DeAnza Community College District or any of its officers, agents, or employees in any United States District Court in the State of California." Dkt. 17 at PDF pp. 17-

United States District Court
Northern District of California

18. If Defendants file a new motion for sanctions, the motion should address and support with appropriate factual and legal authority whether (1) the proposed pre-filing order should be limited to particular types of claims against any of the Defendants, and (2) the Court is authorized to issue a pre-filing order that applies to Plaintiff's filings in other Districts.

**D. Conclusion on motion for sanctions**

For the reasons discussed, Defendants' motion for sanctions is **DENIED WITHOUT PREJUDICE** to filing a new sanctions motion following Plaintiff's filing of an amended complaint. Any new motion for sanctions should take into account the deficiencies identified and guidance provided in this order.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 16) is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Defendants' motion for sanctions (Dkt. 17) is **DENIED**.

The Court has granted Plaintiff leave to amend certain causes of action. By **May 8, 2025**, Plaintiff may file an amended complaint that addresses the deficiencies and conforms to the rulings identified in section III above and summarized in section III.I. above. The amended complaint must not include new claims or new defendants.

Defendants' response to the amended complaint is due **14 days** after Plaintiff files the amended complaint. If Defendants file a motion to dismiss and/or motion for sanctions, the normal briefing schedule and page limits set forth in Civil Local Rule 7 will apply.

**SO ORDERED.**

Dated: April 8, 2025

SUSAN VAN KEULEN
United States Magistrate Judge