UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BOARD OF TRUSTEES OF FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-06126-SVK<br><br>**ORDER ON PLAINTIFF'S RECENT FILINGS**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiff filed the complaint in this action on August 29, 2024. Dkt. 1. Following assignment of this action to the undersigned, all Parties consented to the jurisdiction of a magistrate judge for all purposes. Dkt. 11 (Plaintiff's consent filed 11/26/2024); Dkt. 13 (Defendants' consent filed 12/16/2024). On April 8, 2025, the Court issued an order on Defendants' motion to dismiss and motion for sanctions. Dkt. 24 - the "Order". The Order sets a deadline of May 8, 2025 for Plaintiff to file an amended complaint that addresses the deficiencies identified in the Order. *Id.* at 34. Since the Order issued, Plaintiff has filed two items: (1) a motion to stay the May 8, 2025 deadline set in the Order to allow Plaintiff time to seek review of the Order by a District Judge "in the manner prescribed by Local Rule 72-2" (Dkt. 25 - the "Motion to Stay"); and (2) a form stating that Plaintiff declines magistrate judge jurisdiction (Dkt. 26).

**Motion to Stay (Dkt. 25)**

The Court **STRIKES** the Motion to Stay at Dkt. 25 because the procedure set forth in Local Rule 72-2 by which a District Judge may review a non-dispositive order of a magistrate judge is not available in this case, where Plaintiff has consented to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). Dkt. 26. That statute provides:

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1); *see also* Fed. R. Civ. P. 73(a) ("When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties, consent, conduct a civil action or proceeding, including a jury or nonjury trial"). Appeal from final judgment in such consent cases "may be taken to the court of appeals as would any other appeal from a district court judgment." Fed. R. Civ. P. 73(c); *see also* 28 U.S.C. §636(c)(3) ("Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court").

By contrast, the procedure set forth in Local Rule 72-2, upon which Plaintiff rests the Motion to Stay, relates only to rulings by a magistrate judge on nondispositive matters referred by the District Judge presiding over a case. Civ. L.R. 72-2; *see also* Fed. R. Civ. P. 72(a). That procedure is not available in "consent cases" such as this one. *See Coston v. Rahimifar*, No. 1:17-cv-000765-HBK, 2021 WL 736217, at *1 (Feb. 25, 2021).

Accordingly, the Court **STRIKES** Plaintiff's motion to stay. The May 8, 2025 deadline for Plaintiff to file an amended complaint remains in place.

### Purported Declination Form (Dkt. 26)

As outlined above, Plaintiff consented to the jurisdiction of a magistrate judge on November 26, 2024. Dkt. 11. Plaintiff's filing of a form on April 12, 2025 purporting to decline a magistrate judge's jurisdiction (Dkt. 26) does not comport with the law of the Ninth Circuit. Once a magistrate judge obtains consent under 28 U.S.C. § 636(c)(4), the consent "can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown' by any party." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (quoting 8 U.S.C. § 636(c)(4)); *see also* Fed. R. Civ. P. 73(b). Absent such circumstances and leave from the Court, Plaintiff may not unilaterally revoke his consent to proceed before the undersigned in this case.

Should Plaintiff believe such circumstances exist, he may file a motion for leave to withdraw his consent by **May 1, 2025.**

***

The Court encourages Plaintiff to seek free legal assistance from the Federal Pro Se Program located in the San Jose courthouse. The Federal Pro Se Program will not represent Plaintiff in this action but can provide basic legal assistance at no cost. Plaintiff can schedule an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org. Plaintiff can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/. The court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. Plaintiff can access the guide online (https://cand.uscourts.gov/pro-se-handbook/) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: April 17, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge