UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, et al.,<br><br>Defendants. | Case No. 24-cv-06126-SVK   (HSG)<br><br>**ORDER DENYING MOTION TO WITHDRAW CONSENT**<br><br>Re: Dkt. No. 28 |

On April 8, 2025, Magistrate Judge Susan van Keulen partially granted Defendants' motion to dismiss and motion for sanctions. Dkt. No. 24. Afterward, pro se Plaintiff Gregory Steshenko filed a document purporting to decline magistrate judge jurisdiction. *See* Dkt. No. 26. He then filed a motion to withdraw consent. Dkt. 28. Judge van Keulen referred Plaintiff's motion to withdraw consent to this Court as the general duty judge for resolution. Dkt. No. 29. Since the referral, Plaintiff has filed additional documents seemingly in support of the motion to withdraw consent. Plaintiff filed a document styled as "objections" to Judge van Keulen's April 8 order and a request for relief from the order under Civil L.R. 72-2, Dkt. No. 30, as well as an amendment to these objections, Dkt. No. 31. The Court directed Defendants to file a response to these filings. Dkt. No. 32. Having considered the parties' filings, the Court **DENIES** Plaintiff's motion to withdraw consent. Dkt. No. 28.

Generally "[a] party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge." *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993). However, "[t]his right can be waived, allowing parties to consent to trial before a magistrate judge." *Id.* at 479–80 (citing 28 U.S.C. § 636(c)(1)). "Once a civil case is referred to a magistrate

1  judge under 28 U.S.C. § 636(c), the reference can be withdrawn only by the district court, and
2  only 'for good cause shown on its own motion, or under extraordinary circumstances shown by
3  any party.'" *Id.* at 480 (quoting 28 U.S.C. § 636(c)(4)). "[G]ood cause" and "extraordinary
4  circumstances" are "high bar[s] that [are] difficult to satisfy," and are "intended to prevent
5  gamesmanship." *See Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) (quotations
6  omitted). "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned
7  accusations that such decisions reflect judicial bias, will suffice." *Id.* As the Ninth Circuit has
8  made clear, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other
9  proceedings before a magistrate judge" once a referral has been made under § 636(c). *See Dixon*,
10 990 F.2d at 480.

11 When this case was first filed, the Court informed the parties that the case was randomly
12 assigned to a magistrate judge "who, with written consent of all parties, may conduct all
13 proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial
14 motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit." *See*
15 Dkt. No. 2. The initial case order contained resources with more information about consenting to
16 magistrate judge jurisdiction. *See id.* It also directed the parties to complete and file the "Consent
17 or Declination to Magistrate Judge Jurisdiction" form. *Id.* The form provided the option to either
18 "consent to" or "decline" magistrate judge jurisdiction under 28 U.S.C. § 636(c), and further
19 explained the parties' rights and the voluntary nature of the magistrate judge assignment. *See id.*
20 Plaintiff filed his written consent on November 26, 2024, checking the "consent" box, signing, and
21 dating the form. *See* Dkt. No. 11. Defendants, in turn, filed their consent on December 16, 2024.
22 Dkt. No. 13.

23 Plaintiff has not shown good cause or presented evidence of any "extraordinary
24 circumstances" warranting the withdrawal of his consent to magistrate judge jurisdiction.
25 Although Plaintiff asserts that he was not informed of the consequences of signing the consent
26 form, Dkt. No. 28 at 2–3, this simply is not true. As explained above, Plaintiff received ample
27 information about the consequences of consenting to magistrate judge jurisdiction under § 636(c)
28 and his right to decline such jurisdiction. Plaintiff also suggests that Judge van Keulen was

somehow biased against him as a pro se party and did not provide him with sufficient due process. *See id.* at 3–4.  Plaintiff provides no support for this claim, and it is not supported by the record.  Notably, Plaintiff only attempted to withdraw his consent to magistrate judge jurisdiction months later, after Judge van Keulen partially granted Defendants' motion to dismiss.  *See* Dkt. No. 24.  It is clear that Plaintiff disagrees with Judge van Keulen's recent order.  *See* Dkt. No. 28 at 3–4; *see also* Dkt. Nos. 30–31.  But under clear and well-established controlling precedent, such disagreement is not a sufficient reason to withdraw consent.  The Court accordingly **DENIES** the motion to withdraw consent.[1]  Dkt. No. 28.

**IT IS SO ORDERED.**

Dated:   5/5/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge
as General Duty Judge

---

[1] The Court notes that Plaintiff's "objections" to Judge van Keulen's order under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Dkt. Nos. 30–31, do not provide a basis for withdrawing his consent either.  Rule 72(a) and § 636(b)(1)(A) only apply when a district judge refers a matter to a magistrate judge for a limited purpose.  As explained above, that is not the case here, where Plaintiff consented to magistrate judge jurisdiction for all purposes under § 636(c).