United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, et al.,<br><br>Defendants. | Case No. 24-cv-06126-SVK<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS OR STRIKE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 36 |

In the fall quarter of 2016, Plaintiff Gregory Steshenko, proceeding here *pro se*, enrolled in the Medical Laboratory Technician ("MLT") program offered by the Foothill-De Anza Community College District ("District"). Dkt. 35 (First Amended Complaint-"FAC") ¶ 47. This case against the District, its Board of Trustees ("Board"), the individual trustees, and one employee of the District is the latest in a series of cases filed by Plaintiff arising from his unsuccessful attempts to complete the MLT program. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 11, 13.

On April 8, 2025, the Court granted-in-part and denied-in-part Defendants' motion to dismiss the original complaint. Dkt. 24 (the "4/8/25 Order"). Although the Court dismissed some of Plaintiff's claims against certain Defendants without leave to amend, the Court granted Plaintiff leave to amend certain portions of the complaint to attempt to address the deficiencies identified in the 4/8/25 Order. *Id.* Plaintiff thereafter filed the FAC. Dkt. 35.

Now before the Court is Defendants' motion to dismiss and strike the FAC. Dkt. 36. This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b). For the reasons that follow, Defendants' motion to dismiss is **GRANTED** and Defendants' motion to strike is **DENIED AS MOOT.**

## I. BACKGROUND

The factual background of this case is discussed at length in the 4/8/25 Order. In that order, the Court dismissed some of Plaintiff's claims against certain defendants without leave to amend, but the Court granted Plaintiff leave to amend certain portions of the complaint in an effort to address the deficiencies identified by the Court. The 4/8/25 Order contained the following chart summarizing the Court's rulings:

| Cause of Action | District | Board of Trustees | Individual Defendants |
|---|---|---|---|
| 1. Interference with plaintiff's civil rights to petition government/seek redress of grievances afforded by Privileges & Immunities Clause; 1st Amendment; 14th Amendment Equal Protection; and CA Const. Art. 1 § 3(a) | **Dismissed without leave to amend ("LTA")** – sovereign immunity | **Dismissed without LTA** – sovereign immunity | Official-capacity claims for damages and retrospective relief: **dismissed without LTA** – sovereign immunity<br><br>Official-capacity claims for prospective relief: **dismissed with LTA**<br>- Failure to state a claim<br><br>Individual-capacity claims: **dismissed with LTA**<br>- Failure to state a claim |
| 2. Retaliation for filing an age discrimination complaint (under Age Discrimination in Employment Act (ADEA), Age Discrim. Act of 1975; FEHA; 2 CCR 11021) | **Dismissed with LTA**<br>- Failure to state a claim | **Dismissed with LTA**<br>- Failure to state a claim | **Dismissed without LTA** – no individual liability under ADEA, ADA, or FEHA; no private right of action for violation of CCR |
| 3. Violation of Right to Due Process (14th Am. and Cal. Const.) | **Dismissed without LTA** – sovereign immunity | **Dismissed without LTA** – sovereign immunity | Official-capacity claims for damages and retrospective relief: **dismissed** |

2

|   |   |   |   | without LTA – sovereign immunity<br><br>Official-capacity claims for prospective relief: **dismissed with LTA**<br>**-** Failure to state a claim<br><br>Individual-capacity claims: **dismissed with LTA**<br>**-** Failure to state a claim |
|---|---|---|---|---|
| 4. | Breach of obligations arising from operation of law (Cal. Civ. Code § 1428) | **Dismissed cause of action and request for punitive damages with LTA**<br>- Failure to state a claim | **Dismissed cause of action and request for punitive damages with LTA**<br>- Failure to state a claim | **Dismissed cause of action and request for punitive damages with LTA**<br>- Failure to state a claim |
| 5. | Breach of contract | **Dismissed cause of action and request for punitive damages with LTA** | **Dismissed cause of action and request for punitive damages with LTA** | **Dismissed cause of action and request for punitive damages with LTA** |

4/8/25 Order at 26-27.

Following the 4/8/25 Order, Plaintiff filed the FAC. Dkt. 35. The FAC contains causes of action for: (1) interference with Plaintiff's civil rights to petition the government and seek redress of grievances in court; (2) retaliation for filing an age discrimination complaint; (3) violation of right to due process; (4) breach of obligations arising from operation of law; and (5) breach of contract. *Id.*

Defendants now move to dismiss or strike the FAC, and Plaintiff opposes Defendants' motion. Dkt. 36 (Motion), 38-39 (Opp.), 40-41 (Reply).

## II. LEGAL STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and

matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### III.     ANALYSIS

Defendants' present motion to dismiss challenges all five causes of action in the FAC. Dkt. 36. The Court will address the first three causes of action, which arise under federal law, before turning to the fourth and fifth causes of action, which are state law claims.

#### A.     Federal Claims: First, Second, and Third Causes of Action

##### 1.     First Cause of Action: Interference with Civil Rights to Petition the Government and Seek Redress of Grievances

Plaintiff's first cause of action claims that Defendants violated 42 U.S.C. § 1983 by retaliating against him for filing state court lawsuits. *See* FAC ¶¶ 85-89. In the 4/8/25 Order, the Court held that the District and Board are entitled to sovereign immunity on the first cause of action, and that sovereign immunity also bars the first cause of action as to the individual defendants to the extent they were sued for claims for damages or retrospective relief in their official capacities. 4/8/25 Order at 7-11. Accordingly, the Court dismissed the first cause of action and gave Plaintiff leave to amend that cause of action only to the extent he was suing the

individual defendants in their individual capacities or for prospective injunctive relief in their official capacities. *Id.* at 18.

To state a claim for First Amendment retaliation, a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019); *see also* 4/8/25 Order at 15. In the 4/8/25 Order, the Court held that although Plaintiff had adequately alleged that he engaged in the protected activity of initiating state court litigation against Defendants, the original complaint failed to adequately allege an adverse action by Defendants or the required causal nexus between the adverse action by Defendants and Plaintiff's protected conduct. 4/8/25 Order at 14-18. The Court gave Plaintiff leave to amend the first cause of action to attempt to address these deficiencies as to the individual defendants (again, only to the extent he sues them in their individual capacities or for prospective injunctive relief in their official capacities). *Id.* at 18.

In moving to dismiss the first cause of action in the FAC, Defendants concede that Plaintiff was engaged in constitutionally-protected activity when he sued them in state court, but Defendants argue that the FAC still does not contain the necessary factual allegations regarding adverse action or a causal nexus. Dkt. 36 at 8-11. In his opposition, Plaintiff confirms that the first cause of action in the FAC seeks to claim that "defendant denied him enrollment into the required for graduation courses, to which he is entitled, as a retaliation for his prior lawsuit alleging breach of defendant's obligations and age discrimination." Dkt. 38 at 14. Plaintiff argues that the FAC is sufficient, pointing to allegations that he says establish that (1) "[s]ince the completion of the prerequisites in 2017, Plaintiff has been entitled to enroll into the Practicum courses," (2) the trustees have authority over the District that is delegated to the District's employees, (3) a student cannot enroll into the Practicum courses without an assignment by the MLT Program Director to a "clinical affiliate site," and (4) it was necessary to formally request from the trustees and the newly appointed MLT Program Director permission to enroll, which Plaintiff did by emailing a letter to which they failed to respond. *See* Dkt. 38 at 15 and portions of

5

FAC cited therein. Plaintiff argues that "the totality of circumstances allows to make [sic] a reasonable inference that defendants retaliated to plaintiff for his protected activity, which is filing a lawsuit against the District." Dkt. 38 at 17.

The FAC is much longer than original complaint. However, much of the new material in the FAC relates to Plaintiff's disagreement with the 4/8/25 Order. *See, e.g.,* FAC ¶ 1 ("Preamble" asserting that the 4/8/25 Order contained "clearly erroneous substantive rulings"); *id.* ¶¶ 59, 66, 69, 73, 75, 81, 107, 114, 117, 121, 123, 129, 139, 165, 172, 175, 179, 181, 187, 190, 192, 215, 222, 225, 229, 231, 237, 264, 271, 274, 278, 281, 287, 301 (taking issue with various portions of 4/8/25 Order).[1] In the FAC, Plaintiff explains that "[t]o preserve the record on appeal, plaintiff will restate in FAC the legal theories already rejected by" the Court. *Id.* ¶ 1. Accordingly, Plaintiff expressly demarcates much of the new material in the FAC as "***For the appellate purposes only***." *Id.* at pp. 6, 27, 43, 59, 72, 88 (emphasis in original).

Aside from the new material directed at objecting to the 4/8/25 order and attempting to preserve issues for appeal, the FAC contains few if any new factual allegations and fails to correct the deficiencies in the first cause of action that the Court identified in the 4/8/25 Order: the absence of sufficient allegations of an adverse action and a causal nexus between the adverse action and Plaintiff's protected activities. *See* 4/8/25 Order at 15-18. As to the adverse action element, the premise of the FAC is that (1) Plaintiff had a right to enroll in the practicum classes that were a requirement of the MLT program; (2) the Catalog and other information provided to Plaintiff indicated that the permission of the MLT Program Director was required to enroll in the practicum classes; (3) he emailed the MLT Program Director to request enrollment; and (4) she

---

[1] The FAC repeatedly mischaracterizes the 4/8/25 Order as having made determinative findings on various issues. As just one example, paragraph 59 of the FAC states that the Court claimed in the order "that (1) plaintiff cannot enroll into the courses by sending a demand letter to defendant (at 16:8-16); (2) defendants have no duty to respond to plaintiff's letter or to allow him to enroll (at 16:17-28)." The 4/8/25 made no such claims or findings. The cited portions of the 4/8/25 order instead concluded that "*there are no facts in the complaint* suggesting that a student may enroll in De Anza MLT courses simply by sending an email such as the one Plaintiff sent" and that "*[t]he complaint provides no factual basis* to support the inference upon which Plaintiff relies: that the recipients of Plaintiff's March 20, 2024 email had a duty to respond to the email." 4/8/25 order at 16:9-11, 16:24-25 (emphasis added). In other words, the Court found only that Plaintiff had *failed to adduce facts in the original complaint* to support the conclusions that he had a right to enroll or that Defendants had an obligation to respond to his request.

did not respond, thereby precluding him from enrolling. *See generally* FAC ¶¶ 65-83. On the second issue (regarding whose permission was necessary to enroll), the Catalog excerpts attached to the Complaint, along with Plaintiff's allegations about what he was told about how to enroll, are sufficient for pleading purposes to make plausible his allegation that the MLT Program Director's permission to enroll was required. *See* FAC ¶¶ 59, 82; *see also* Ex. 1 to FAC at PDF p. 141 (information re HTEC 180 – HTEC 184). Nevertheless, there are problems with the other aspects of Plaintiff's attempt to plead adverse action. First, Plaintiff has not addressed the deficiencies identified in the 4/8/25 Order: there are no facts in the FAC suggesting that emailing the MLT Program Director and/or trustees was an appropriate method to seek enrollment in the practicum courses. Plaintiff does not offer any factual support for the notion that a student may register for a community college practicum course simply by sending an email to the MLT Program Director and/or the college trustees. Second, there are no facts in the FAC that would transform Defendants' inaction (failure to respond to an email) into an adverse action (refusal to enroll Plaintiff). In his opposition to the motion to dismiss, Plaintiff admits that "[a] mere failure to respond is not by itself an adverse action." Dkt. 38 at 15 n.4. However, he argues that "when it results in a denial of plaintiff's legal entitlement, it becomes a materially adverse act." *Id.* (citations omitted). This brings us to the third problem with Plaintiff's attempt to plead adverse action: Plaintiff's position that he had a right to enroll in the practicum classes, which is based on his interpretation of various California regulations (*see* FAC ¶¶ 65-80), is a legal conclusion that the Court is not required to accept as true. *See Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) ("While we do accept all of the *factual* allegations in the complaint as true … we do not accept *legal conclusions* in the complaint as true, even if case in the form of factual allegations" (emphasis in original; internal quotation marks and citation omitted)). Under the circumstances of this case, the failure of the recipients to respond to Plaintiff's email does not plausibly constitute an "adverse action" for purposes of stating a claim for First Amendment retaliation.

Even if Plaintiff had adequately pleaded facts showing an adverse action by Defendants, he has still failed to plead facts establishing the necessary element that the protected activity was a

7

substantial or motivating factor in the Defendants' conduct. Plaintiff argues that an inference can satisfy this element. Dkt. 38 at 17. The "substantial or motivating factor" element may be proven by indirect evidence such as timing evidence. *See Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal"). As discussed in the 4/8/25 Order, however, the 7.5-month lapse of time between the appeals court ruling in one of the state court cases and Plaintiff's email requesting enrollment is longer than time gaps that have been found to be too long to give rise to a plausible inference of causation. *See* 4/8/25 Order at 17.

The FAC attempts to bolster the facts upon which an inference of causation could rest by claiming not only that there is a proximity in time between Plaintiffs' state court lawsuits and denial of his enrollment, but also that Defendants' denial of Plaintiff's enrollment was "clearly unlawful" and that Defendants treated individuals who did not engage in Plaintiff's protected activities more favorably. FAC ¶ 87. These assertions are conclusions, unsupported by adequate factual allegations in the FAC. As discussed earlier in this section, Plaintiff's contention that he had a right to enroll is a legal conclusion. On the issue of disparate treatment, Plaintiff does not offer any facts of "similarly situated" students being treated differently by Defendants.

Notably, the facts that are alleged by Plaintiff establish that his inability to enroll in the practicum classes predated his state court litigation and in fact prompted that litigation. *See, e.g.,* FAC ¶¶ 47-54 There simply are no factual allegations to support the theory that Plaintiff's lawsuits were a substantial or motivating factor in Plaintiff's continued and more recent inability to enroll in the practicum courses. An equally if not more plausible inference is that Defendants concluded Plaintiff was not entitled to enroll—a conclusion that finds support in Plaintiff's unsuccessful state court litigation against Defendants. *See Capp*, 940 F.3d at 1055 (noting that although allegations of a chronology of events from which retaliation can be inferred may be sufficient, Supreme Court has "admoni[shed] that an allegation is not plausible where there is an 'obvious alternative explanation' for alleged misconduct" (quoting *Iqbal*, 556 U.S at 682).

Accepting as sufficient Plaintiff's allegations of First Amendment retaliation would lead to

absurd results in this case. Even though Plaintiff lost the state court litigation in which he challenged his inability to enroll in the practicum classes, he would be permitted to pursue a claim that Defendants retaliated against him for bringing the unsuccessful state court case by continuing to refuse to enroll him in the classes, thereby seeking to force Defendants to enroll him in the classes. Simply put, Plaintiff cannot obtain through a First Amendment retaliation claim here what he could not obtain directly through the First Amendment activity (initiating unsuccessful state court litigation) itself.

For these reasons, Plaintiff has failed to plead all necessary elements of a claim that Defendants retaliated against him for exercising his First Amendment rights. Accordingly, Defendants' motion to dismiss the first cause of action is **GRANTED.**

### 2. Second Cause of Action:  Retaliation for Filing an Age Discrimination Complaint

Plaintiff's second cause of action in the original complaint alleged retaliation for his filing of an age discrimination claim in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.* - the "ADEA"); the Age Discrimination Act of 1975 (42 U.S.C. §§ 6101 *et seq.* – the "ADA"); Cal. Gov't C. § 12940(h) ("FEHA"); and 2 Cal. C. Regs. § 11021. *See* Dkt. 1 ¶¶ 66-69. In the 4/8/25 Order, the Court dismissed the second cause of action without leave to amend as to the individual defendants because individuals cannot be held liable for retaliation under the ADEA, the ADA, or FEHA, and because Plaintiff did not establish the existence of a private right of action under the cited FEHA regulation. 4/8/25 Order at 18-19. The Court also dismissed the second cause of action as to the District and Board because it failed to state claim; specifically, the Court held that Plaintiff "has not pleaded facts to support a plausible case that Defendants took adverse action against him as a result of his complaints about age discrimination." *Id.* at 19-20. The Court gave Plaintiff leave to amend the second cause of action only as to the District and Board if he was able to address this deficiency. Therefore, under the 4/8/25 Order, Plaintiff's second cause of action for retaliation was dismissed without leave to amend as to the individual defendants, but Plaintiff had an opportunity to try to amend that cause of action as to the District and Board.

9

  The FAC states in a paragraph labeled "[f]or the appellate purposes only" that the second cause of action is alleged against all defendants. FAC ¶ 144. However, the following three paragraphs address only the liability of the individual defendants. *Id.* ¶¶ 145-147. Plaintiff asserts that "[a]s the individual defendants are not sued here under the anti-retaliatory provisions of ADEA, the Age Discrimination Act of 1975, FEHA and 2 CCR § 11074, this claim under 42 U.S.C. § 1983 does not contradict [the Court's] dismissal with prejudice of the claims against individual defendants." *Id.* ¶ 146. Given this statement and the fact that Plaintiff begins the second cause of action with almost verbatim repetition of Plaintiff's allegations in the first cause of action as to why he claims Defendants were obligated to enroll him in the practicum courses (*compare* FAC ¶¶ 47-83 *and id.* ¶¶ 96-131), it appears that Plaintiff no longer seeks to assert a claim for retaliation in violation of ADEA, ADA, FEHA, or the cited FEHA regulation. Plaintiff explains in his opposition to the motion to dismiss that "[t]he chief difference between the first and the second causes of action [in the FAC] is the nature of plaintiff's actions for which he was retaliated." Dkt. 38 at 17. This is consistent with the fact that the first cause of action in the FAC identifies the protected activity as filing a lawsuit (FAC ¶ 85) and the second cause of action identifies the protected activity as complaining about age discrimination (*id.* ¶ 133).

  Even if the Court were otherwise inclined to grant Plaintiff leave to further amend the second cause of action to clarify which Defendants are sued and on what basis, the second cause of action nevertheless remains defective for the additional reasons identified in the 4/8/25 Order: it does not contain facts to support a plausible case that Defendants took adverse action against him as a result of his complaints about age discrimination. *See* 4/8/25 Order at 19-20. Plaintiff alleges that causation may be inferred from: (1) Defendants' "clearly unlawful" denial of Plaintiff's enrollment, which they were "obligated to permit … as a matter of law"; (2) Defendants' denial of Plaintiff's enrollment at a time when one of Plaintiff's state court lawsuits was recently terminated and the other was still pending; and (3) denial of Plaintiff's entitlement to enroll while allowing the enrollment "to other students who did not complain about defendants." FAC ¶¶ 140-143. These allegations do not plausibly establish or create an inference of a causal link between Plaintiff's protected act of complaining about age discrimination and his

inability to enroll in the practicum courses. For the reasons explained in connection with Plaintiff's first cause of action in section III.A.1 above, the FAC does not contain facts that plausibly establish his right to enroll in the practicum courses or that Defendants took adverse action against him. Moreover, Plaintiff continues to rely on a "proximity of time" argument despite the Court's explanation in the 4/8/25 Order that "the mere fact that the [alleged adverse actions] took place after [plaintiff's protected activity] is not sufficient by itself to give rise to an inference of a causal link." 4/8/25 Order at 17. In addition, Plaintiff's allegation of disparate treatment is conclusory and lacks any factual support. *See* FAC ¶ 143.

For these reasons, the second cause of action in the FAC fails to state a claim, and Defendants' motion to dismiss the second cause of action is **GRANTED.**

### 3. Third Cause of Action: Violation of Right to Due Process under the Fourteenth Amendment and California Constitution

In the 4/8/25 Order, the Court identified the elements of a procedural due process claim and found that the original complaint did not "allege sufficient facts to state a plausible case that Defendants' alleged non-response to Plaintiff's email resulted in deprivation of Plaintiff's right to a public education without due process." 4/8/25 Order at 21-22. The Court dismissed Plaintiff's third cause of action for violation of his due process rights under the Fourteenth Amendment and the California Constitution without leave to amend as to the District and Board and also as to the individual defendants to the extent they are sued for damages and other retrospective in their official capacity. *Id.* at 7-11, 20, 22. The Court gave Plaintiff leave to amend the third cause of action as to the individual defendants to the extent they are sued in their individual capacity and/or for prospective injunctive relief in their official capacity. *Id.* at 22.

Plaintiff's due process claim in the FAC fails to address the deficiencies identified in the 4/8/25 Order. As discussed in section III.A.1 above with respect to Plaintiff's first cause of action, the allegations of the FAC are not sufficient to state a plausible case that Plaintiff was legally entitled to enroll in the practicum classes or that Defendants were required to enroll him in response to his email.

Accordingly, the third cause of action fails to state a claim for violation of Plaintiff's due

11

process rights, and Defendants' motion to dismiss the third cause of action is **GRANTED**.

####  4. Conclusion on Federal Claims: First, Second, and Third Causes of Action

For the reasons discussed above, the Court grants Defendants' motion to dismiss the First, Second, and Third causes of action in the FAC. "[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Sonner*, 971 F.3d at 845 (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)). Here, after carefully considering the relevant factors, the Court dismisses the first, second, and third causes of action in the FAC **WITHOUT LEAVE TO AMEND.** Plaintiff has not been able to plead viable theories, even with the benefit of the guidance provided by Defendants' motions to dismiss and the Court's detailed 4/8/25 Order. Instead, Plaintiff used the previous opportunity to amend his complaint in large part to simply rehash certain arguments already rejected by the Court and to express his disagreement with the Court's 4/8/25 Order. In opposition to the current motion to dismiss, Plaintiff has not articulated how the defects in the FAC can be cured by further amendment.

Having dismissed the first, second, and third causes of action without leave to amend for failure to state a claim, the Court need not reach Defendants' additional arguments that those causes of action fail to state facts supporting a claim for punitive damages and that the claims are barred by the statute of limitations. The Court also need not reach Defendants' arguments as to why the Court should strike certain portions of the FAC.

### B. State Claims: Fourth and Fifth Causes of Action

Having dismissed each of Plaintiff's federal claims without leave to amend, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims (i.e., the fourth cause of action for breach of obligations arising under operation of law pursuant to various California statutes and regulations and the fifth cause of action for breach of contract), which arise under state law. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [brought under supplemental jurisdiction] if … the district

1   court has dismissed all claims over which it has original jurisdiction").

2   **IV.   CONCLUSION**

3   Accordingly, the motion to dismiss the FAC is **GRANTED**.  The federal claims
4   (First, Second, and Third Causes of Action) are **DISMISSED WITHOUT LEAVE TO**
5   **AMEND**, and the Court **DECLINES** to exercise supplemental jurisdiction over the state law
6   claims (Fourth and Fifth Causes of Action).  Defendants' motion to strike portions of the FAC is
7   **DENIED AS MOOT.**

8   **SO ORDERED.**

9   Dated: September 5, 2025

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge